# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**MICHAEL L. GENGLER**
        Petitioner,

    v.                                      Case No. 10-C-0245

**DANIEL J. TRAWICKI, Sheriff,**
**Waukesha County**
        Respondent.

---

## DECISION AND ORDER

On March 31, 2010, Michael Gengler filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted in Waukesha County Circuit Court of failure to file a Wisconsin income tax return. On November 2, 2009, he received a sentence of nine months and is currently in the custody of the Waukesha County Sheriff. Before me now is respondent's motion to dismiss the petition for failure to exhaust state remedies, as well as several miscellaneous motions filed by petitioner.

Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition. 28 U.S.C. § 2254(b)(1); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). To satisfy the exhaustion requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 845.

Under Wisconsin's established appellate review process, a defendant who intends to appeal his or her conviction must file a notice of intent to pursue post-conviction relief with the state trial court within twenty days of the date of sentencing. Wis. Stat. § 809.30(2)(b). Gengler, however, did not file a notice of intent to pursue post-conviction relief within twenty days of the date of his sentencing. Instead, he filed habeas petitions with both the Wisconsin Court of Appeals and the Wisconsin Supreme Court. The Wisconsin Court of Appeals denied Gengler's petition on the ground that he had not yet exhausted his direct-appeal rights and therefore was not eligible for habeas relief. The Wisconsin Supreme Court denied Gengler's petition without explanation.

Gengler admits that he has not exhausted Wisconsin's established appellate review process but contends that he was not required to do so because the judgment of conviction is "void" and Wisconsin appellate courts lack jurisdiction to hear appeals from void judgments. However, Gengler cites no authority for the proposition that a Wisconsin appellate court lacks jurisdiction over an appeal in which the defendant claims that the judgment is void. Although he cites cases from other states in which state courts have used language suggesting that an appellate court lacks jurisdiction to hear an appeal from a void judgment, these cases in no way suggest that the Wisconsin appellate courts would have refused to consider Gengler's direct appeal. Thus, to exhaust his state remedies, Gengler was required to follow Wisconsin's established appellate review process, beginning with the filing of a notice of intent to pursue post-conviction relief in the trial court.

Because Gengler did not file a notice of intent to pursue post-conviction relief within twenty days, it is possible that Gengler has procedurally defaulted his claims. However, respondent does not argue that Gengler has done so. Rather, respondent notes that

Case 2:10-cv-00245-LA   Filed 05/10/10   Page 2 of 4   Document 16

Gengler may still ask the Wisconsin Court of Appeals to extend the time for him to file a notice of intent to pursue post-conviction relief, see Wis. Stat. § 809.82; State v. Quackenbush, 278 Wis. 2d 611, 620 (Ct. App. 2004), and that if the Wisconsin Court of Appeals denies this request, Gengler may then seek review by filing a petition for writ of habeas corpus with the trial court that imposed his sentence, see Wis. Stat. § 974.06. Thus, because Gengler still has the right under Wisconsin law to "raise, by any available procedure, the question presented," 28 U.S.C. § 2254(c), he has not procedurally defaulted his claims. Nonetheless, I must dismiss the present petition without prejudice for failure to exhaust state remedies.

Because I am dismissing the petition for failure to exhaust state remedies, I will also deny the miscellaneous motions Gengler has filed as moot.

**THEREFORE, IT IS ORDERED** that respondent's motion to dismiss is **GRANTED**. The clerk of court shall enter final judgment dismissing the petition without prejudice for failure to exhaust state remedies.

**FURTHER, IT IS ORDERED** that petitioner's miscellaneous motions (Docket ## 8, 10, 12 & 15) are **DENIED** as **MOOT**.

Pursuant to Rule 11 of the Rules Governing § 2254 Cases, I find that petitioner has not made the showing required by 28 U.S.C. § 2253(c)(2), and therefore I will not issue a certificate of appealability.

Dated at Milwaukee, Wisconsin, this 7 day of May, 2010.

/s_____
LYNN ADELMAN
District Judge